NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEIL F. KEEHN,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 15-56466

D.C. No. 2:14-cv-04733-PSG-PJW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted October 25, 2016**

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Neil F. Keehn appeals pro se from the district court's judgment dismissing

for lack of subject matter jurisdiction his action seeking an injunction under the

Administrative Procedures Act ("APA").  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010),

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

The district court properly dismissed Keehn's action for lack of subject matter jurisdiction because Keehn did not seek review under the APA of any agency decision to disclose information in violation of the Trade Secrets Act ("TSA"). *See Chrysler Corp. v. Brown*, 441 U.S. 281, 317-18 (1979) (while there is no private right of action to enjoin the disclosure of information under the TSA, a district court may review, under the APA, an agency decision to disclose information in violation of the TSA).

The district court did not abuse its discretion in dismissing Keehn's action without granting further leave to amend because Keehn did not identify any basis upon which the court could exercise jurisdiction over his action. *See Serra*, 600 F.3d at 1195, 1200 (setting forth standard of review and factors for a district court to consider in determining whether to grant leave to amend).

The district court did not abuse its discretion in denying Keehn's motion for reconsideration because Keehn did not set forth any basis that would warrant reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th

Cir. 2000) (explaining that "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

Because the district court lacked subject matter jurisdiction, we do not reach the merits of Keehn's claims or evidentiary contentions.

Keehn's contentions that the district court erred by not reaching the merits of his claims or by taking judicial notice of his proceedings in the Court of Federal Claims are unpersuasive.

Keehn's motion to stay the district court's dismissal, filed July 12, 2016, is denied as moot.

**AFFIRMED.**

15-56466